UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| TIFFANY WASHINGTON,<br><br>Plaintiff,<br><br>v.<br><br>GENTIVA HEALTH SERVICES, INC. and REGENCY HOSPICE OF GEORGIA, LLC,<br><br>Defendants. | **Civil Action File No.** |

# COMPLAINT

Plaintiff Tiffany Washington ("Ms. Washington") states her complaint against the above-named Defendants as follows.

1. This is a complaint for interference and retaliation in violation of the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* (the "FMLA").

2. This Court has jurisdiction over Ms. Washington's claims pursuant to 28 U.S.C. §§ 1331 and 1367.

3. Venue is proper in this Court because the acts or omissions described herein occurred within the Augusta Division of the Southern District of Georgia.

4. Defendant Gentiva Health Services, Inc. ("Gentiva") is a Delaware corporation registered to conduct business in the State of Georgia.

5. Defendant Regency Hospice of Georgia, LLC ("Regency Hospice") is a Delaware limited liability company registered to conduct business in the State of Georgia.

6. Upon information and belief, Regency Hospice is a wholly owned subsidiary of Gentiva.

7. Regency Hospice and Gentiva jointly operate a hospice facility located at 2924 Professional Parkway in Augusta, Georgia.

8. Ms. Washington began employment with Defendants in 2013 as a Certified Nurse Assistant. She worked at Defendant's hospice facility in Augusta, Georgia.

9. Ms. Washington's child has a medical condition that qualifies as a serious health condition under the FMLA.

10. Beginning on or about July 9, 2020, Ms. Washington began personal leave from work to care for her child. Defendants limited Ms. Washington's personal leave to 28 days.

11. Anticipating the end of her 28-day personal leave, on July 24, 2020, Ms. Washington formally requested FMLA leave to care for her child.

12. Defendants denied Ms. Washington's request for FMLA leave on July 24, 2020.

13. Defendants terminated Ms. Washington on or about August 7, 2020.

14. Defendants terminated Ms. Washington because she did not return to work from personal leave.

15. Ms. Washington worked more than 1,250 hours for Defendants during the 12-month period preceding July 24, 2020.

16. During the calendar years 2019 and 2020, Defendants employed 50 or more employees within 75 miles of their hospice facility in Augusta, Georgia.

17. FMLA Interference Claim - Defendants violated the FMLA by (1) failing to notify Ms. Washington of her FMLA rights following her request for FMLA leave, (2) failing to allow Ms. Washington FMLA leave, and (3) terminating Ms. Washington's employment instead of permitting her to take FMLA leave.

18. FMLA Retaliation Claim – Defendants also violated the FMLA by terminating Ms. Washington's employment due to her need for FMLA leave. For example, by terminating Ms. Washington following her 28-day personal leave, Defendants treated Ms. Washington more harshly than other employees who did not seek leave under the FMLA.

Based on the above facts, Ms. Washington requests a jury trial on all triable issues and asks the Court for the following relief: back pay, liquidated damages as permitted by the FMLA, front pay, prejudgment interest, litigation costs, attorneys' fees, and other relief deemed appropriate by the Court.

- 4 -

    Respectfully submitted on July 19, 2022.

**<u>Regan Keebaugh</u>**
Georgia Bar No. 535500
Radford & Keebaugh, LLC
315 W. Ponce de Leon Ave., Suite 1080
Decatur, Georgia 30030
T: (678) 271-0300
F: (678) 271-0311
regan@decaturlegal.com